Good morning. Dallas Sackler on behalf of the appellant, Mylon Pakes. I'll reserve two minutes for rebuttal. The district court certified two issues for appeal. The first issue, a claim of ineffective assistance of counsel for entering an evidentiary stipulation, and secondly, a cumulative prejudice claim. Unless the court has any particular questions about the cumulative prejudice point, I will submit that on the briefs and reserve all my comments for the ineffective assistance of counsel claim. This case arises under AEDPA. So, of course, as the petitioner, it's our burden to show that the judgment of the state court was objectively unreasonable, also to show under the Supreme Court's double-deference standard that trial counsel's ineffective assistance of counsel was objectively unreasonable as well. There are three reasons why counsel's performance was objectively unreasonable. First of all, when defense counsel made his motion in limine to exclude the defendant's prior convictions for trial molestation and the fact that he had a parole condition that precluded him from being alone with a minor, the trial judge basically made known to him his motion was going to be granted. He offered the dispraternity stipulation, but if trial counsel had carefully listened to what the judge had to say, counsel would have maintained his objection. I'm sorry, Your Honor. I didn't catch the question. No, no, no. Judge Walker had an entirely different ineffective assistance of counsel claim here. What I'm referring to is when, in the State trial court, defense counsel advanced his motion in limine to exclude this evidence in the State trial court. There was discussion, and at the end of this discussion, the judge basically says, I am inclined, tentatively inclined, to exclude this, quote, mode of evidence. I'm with you now. But the judge didn't unequivocally say it was going to be excluded. He sort of was thinking about it, deliberating about it. He wasn't sure. I didn't read the records. He made a definitive statement that it would be excluded. That is correct. He said tentatively. This is the Court's tentative thinking. But the content of the Court's statement, he said he wasn't inclined to find the defendant's statements to the police to be more prejudicial than probative. That was the only evidence that the prosecutor was prepared to present on this particular point. So once the judge makes known to counsel, I'm inclined to exclude this. Counsel at that point should have said, I'd like a ruling on my motion, rather than, you know, simply agreeing to the stipulation. The second reason counsel's performance was objectively unreasonable is the content of the stipulation was in and of itself so prejudicial that there was absolutely no benefit to the defendant from allowing the jury to hear this. And to refresh the Court's recollection, the stipulation was that the defendant reasonably believed he would go to prison if he was apprehended by the police. There's really only one reasonable understanding of that wording, and that is this is a desperado. This is somebody who's wanted by the police, and whatever it is that he did must be quite serious if the defendant himself reasonably believed that he was going to go to prison. But would it not have been appropriate for the Court to say evidence of the fact that he was on parole would be admissible under California law? Not on this record. Well, what was the case all about? The case was about he had a number of different charges, right? But it all precipitated when he took off. The case is about bad driving. A little bit more than bad driving. Well, there's particular elements of the two felonies that were charged, but effectively the question was, is the driving so bad that, you know, on the one hand, was there a danger of great bodily injury to the minor passenger? And then secondly, was he driving willfully and wantonly when he was evading the police? So what was his state? That was the theory of the State's case, right, prosecution? Absolutely. That's what they had to prove. And did he have anything in response to that? Well, sure. The defense theory of the case was to ask the jury to return convictions for the lesser-included offenses of misdemeanors, which the trial court judge found there was substantial evidence to support those lesser-included, and that was the argument made. But that argument is going to fall on deaf ears with a jury that otherwise hears, here's a man, effectively, who is wanted by the police. I mean, it just opens a Pandora's box of wild speculation. I mean, what is it that this particular guy has done that after the most minor offender benders on the freeway that he himself believes, if the cops catch up with me, I'm going to prison? And to tell a jury that, you know, when really the only question before them is the degree of danger posed by the defendant's driving, is essentially to distract the jury from what they're really supposed to be considering. Would it have made a difference if he would have stipulated to the fact that he was on parole? Would that have made a difference? It seems like substantively it's the same type of thing. I suppose that that would be somewhat less prejudicial, but again, the point is counsel So that would be admissible under California law, evidence of somebody being on parole who flees the police would be admissible under California law. Why is this really any different than stipulation? Because the evidentiary question in front of the trial court was under State Evidence Code Section 352, which gives the court discretion to exclude evidence that is more prejudicial than probative. In this case, the defense was willing to stipulate essentially to everything that the government needed. To wit, the defendant would have agreed he intended to flee. So any evidence that he had convictions for child molestation or had a parole condition that he couldn't be alone with a minor was utterly counterintuitive. I mean, there was no reason for the jury to hear any of this once the defense was willing to stipulate that he intended to flee. Well, what would have been permissible to introduce an evidence in this type of case not for the fact that he was on parole? What would have been permissible? Nothing at all? That's correct. Once the defense was willing to stipulate to the element of the intent to flee, that's all the government needed. I'll reserve the rest of my time for rebuttal. Roberts. Thank you. Jeff Lawrence for Respondent. I'll just start with that last point, and that is that the government's entitlement to present more than just his intent at the time of committing the offense. The whole reason why this was relevant, and defense counsel at trial acknowledged that this information was relevant, was because at issue was the witness's accounts of how his driving, how erratic his driving was, was being challenged by the defense. So the question is, how can you evaluate whether the witnesses were correct in describing how erratic his driving was or whether they were overstating it? And you look to his motive as to why he was fleeing. If you're fleeing to avoid paying $100 for a fender bender, you're going to drive one way. If you're fleeing to avoid going back to prison, you're going to drive more recklessly, and the jury's allowed to consider that. But regardless of whether or not we think that it's relevant, the State court has consistently found that it would be relevant in this case. This case is about an attorney who's faced with a difficult choice, making a reasoned, tactful decision to select between alternatives, and doing his best to try and find an alternative that will damage his client the least in terms of how to limit what is coming before the jury. He did it very effectively in this case. The trial court obviously was not going to exclude it entirely, because the trial court was the one proposing the stipulation to narrow the language that was going  Well, two things to that. First of all, I think if you look at the record, it's quite clear the court was not looking to exclude all the material. The court was trying to find a way to sanitize that information sufficiently to satisfy both sides. Defense counsel made a tactful decision to get ahead of the curve, to work with the court, to craft language that would work best for his client, rather than being obstreperous and allow the prosecutor to pose his language that might be more damaging. That's a reasonable tactical decision. Every State court that has looked at this since recognized that some form of that information was going to be coming in. It was admissible. The 352 balancing was different if you looked at whether or not it was purely the defendant's statements to the police, which were the most damaging, or a sanitized version. Counsel recognized that something was coming in. It was in his best interest to get ahead of that curve by agreeing to language that had the least amount of information that was damaging to his client. Now, counsel wants to debate whether on parole would have been better than the language actually used. These are classic tactical decisions and second guessing in hindsight. Counsel made a reasonable decision. The State court's finding that that was a tactical decision is not unreasonable. Kennedy. There's something in the State court transcript of this lawyer asking the question now. Well, testify that it's an actual witness. Gershengorn Yes. Kennedy. In this very same case? Gershengorn In this very same case. Kennedy. I couldn't understand exactly what happened. What was the content? Gershengorn What happened was when this case first came to trial, the defendant on advice of counsel pleaded guilty to one of the two counts and essentially threw himself at the mercy of the court with a Romero motion, because this was a three-strikes case. The court denied the Romero motion, so he got a conviction of 25 to life. It went on Federal habeas. The habeas judge, Judge Walker, found that counsel was ineffective for not taking it to trial, thinking he had a legitimate chance of getting a misdemeanor instead of a felon. This trial attorney testified as a stricter. Kennedy This trial attorney was not the trial attorney. Gershengorn Correct. Kennedy Okay. Go ahead. Gershengorn Correct. I'm sorry. Kennedy So he testified. Gershengorn He testified in Federal court as a Strickland expert about how this particular case should have been tried, should have been taken to trial and tried to get the best possible result. When the case was sent back to State court to withdraw his guilt and proceed to trial, this, that Strickland expert now took over as trial counsel and tried the case precisely as he laid out should be tried in convincing the first district court to reverse. So this is not some new attorney who was handed his first case and had no idea what he was doing. This is an expert in the field and an expert on this exact case. Kennedy So he was at least good enough to be qualified under the State court? Gershengorn Actually, no. It was in Federal court. Kennedy Federal habeas granted? Gershengorn Federal habeas. He was qualified as an expert to challenge the guilty plea in State court. So, sure. So, you know, I think that when you look and this is a difficult case for the defense. There's no two ways about it. You have somebody with a prior conviction for child molestation fleeing with a child in his car to avoid parole. There's a lot of factors at play that will make it very hard for the defense. And counsel was doing his best to navigate through those difficulties. Based on a full understanding of what was at stake. And he did so as effectively as possible. It did not result in a good outcome for him. And now they're trying to get a second bite at the apple. That's not what habeas is for here. Unless the Court has any further questions, I'm here to suspend. Roberts They're no longer here. Thank you. So back to the whole question of whether trial counsel should have maintained his objection to the evidence. When this case was in district court on the first round, when the defendant was seeking to withdraw the guilty plea, in that proceeding, the government argued to Chief Judge Walker, well, he got proper advice to plead guilty because his damaging evidence about the child molestation convictions and parole condition would have come into evidence. Chief Judge Walker made a ruling, well, no, that evidence was clearly more prejudicial than probative and would not have come in. So if we look to the objective reasonableness standard, at the trial in this case, defense counsel knows what Chief Judge Walker has already ruled. Scalia Well, that's what I talked about before. But Chief Judge Walker never said that evidence of the fact was wrong with that. Actually, he did, Your Honor. His -- his -- please carefully review the transcript. His finding was -- Scalia I'll read it again, but I don't know that specific determination. You said several times that the standard is whether or not counsel's performance is objectively. I mean, that's not the test. The test is whether the State court's ruling on that is objectively. Well, it's- Scalia It's not what counsel, it's what the State court did. Gershengorn It's actually both, Your Honor. Scalia Well, no, let me finish now. So if you look at the State court, the State court found, right, didn't interpret that stipulation the same way you did. Right? The State just said, well, you know, the stipulation that was offered was much more limited. It just means the statement didn't commit, but not his parole status. So all this stuff would have come in anyway. So that's a reasonable interpretation. That's not an unreasonable interpretation by the State court of what happened at the trial court, is it? And shouldn't we be bound to accept that? Gershengorn I would submit that the State habeas court's interpretation of the trial judge's remarks is completely unreasonable. Scalia You don't think that's the way you can read the remarks? Gershengorn Absolutely not. I would ask, Your Honor, if you would care- Scalia So you and the State court judge disagree, doesn't that make it objectively reasonable? Gershengorn If you read the record, and I see my time is up, I'll continue. Okay. The way this went down is the prosecutor filed a written in limine motion saying he wants to introduce the defendant's prior convictions for child molestation and his parole condition that he may not be alone with minors. At the beginning of the discussion, the trial judge says, well, those convictions really aren't relevant here. The prosecutor agrees. The judge then inquires, how are you going to prove the parole condition? The prosecutor replies, I will prove it by the defendant's statements to the police in which he said I have a parole condition and I can't be alone with minors. But evidence of the fact that he's on parole is an easy thing to establish. We have to take the prosecutor at his word. That's how he was prepared to put that evidence on. He had no other witness to show that. He had no other document. This is exactly what the prosecutor said. There is discussion of this.  The only reasonable way to read that record is the government is now left with nothing to present. The judge has told him, I'm not going to let you put in those statements. That was the only evidence he was prepared to put in. That's exactly right. It's only the statement. It's not the fact that he was on parole. And the judge can prove it in as many different ways. And the judge indicated he was going to exclude it. No. Well, that's one way to read it, but that's not the only way to read it. In other words, this is what the state habeas court says. First, the court specifically stated that it was inclined to exclude petitioner's statements, not necessarily the petitioner's parole status itself. As emphasized above, the court refers specifically to, quote, the evidence of motive as reflected in the transcript, as well as in the report of office issued. Therefore, when the court said it was inclined to exclude, quote, the mode of evidence altogether, unquote, it was explicitly referring to petitioner's statement to the police, not to his parole status. And again, Your Honor, he only --. Now, that's a reasonable interpretation. The only evidence the prosecutor was prepared to present to prove the parole condition was the defendant's statements. He had nothing else to offer. He expressly told the judge that --- He could do it, you know. If we said, get on the phone, you know, get somebody, you know, call a parole officer and tell him to come down. That's easy. That's utter speculation. He -- the prosecutor never indicated- Well, you're speculating that he had no other way. I'm taking him at his word. He's an officer of the court. He said, this is how I'm going to prove it. All right. He had nothing else to offer. No, he didn't say, and I have nothing else. I'm going to do it this way. This is the easy way. He admitted it. But he didn't say, I have no other alternative. Right? I mean, that's a reasonable expectation, isn't it? No. It's heading fast to the record. We don't exist. We've got your point. Thank you very much. Thank you. Thank you. Thank you, counsel, for your arguments. The matter is submitted.
judges: Block, Tashima, Paez